# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-30955
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD PERNELL GREEN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:98-CR-20058-5

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ronald Pernell Green, Federal prisoner # 09156-035, appeals the district court's August 5, 2008, order denying his Motion for Relief from Judgment pursuant to FED. R. CIV. P. 60(b)(1). Green's prior appeal from the district court's interlocutory judgment denying his motion under 28 U.S.C. § 2255 in part was dismissed by this court. Green failed to file a timely notice of appeal from the district court's final judgment in the § 2255 proceeding. Green

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contended in his Rule 60(b) motion that he did not receive notice of the final judgment and that he was misled by the district court clerk.

Under Rule 60(b)(1), the district "court may relieve a party . . . from a final judgment, order, or proceeding . . . [because of] mistake, inadvertence, surprise, or excusable neglect." Motions brought pursuant to Rule 60(b)(1), however, must be filed within one year of entry of the judgment from which the party seeks relief. RULE 60(c)(1). Green's Rule 60(b) motion was filed nearly 18 months after entry of the final judgment in the § 2255 case.

Relief may be granted outside of the one-year period under Rule 60(b)(6) on the basis of "any other reason that justifies relief." Such motions must be brought within a "reasonable time," RULE 60(c)(1), however, and a court may grant relief under Rule 60(b)(6) only when presented with "extraordinary circumstances." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). The "catch-all provision [of Rule 60(b)(6) is] meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Id*. "Rule 60(b)(6) motions are not substitutes for timely appeals." *Id*. Moreover, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement [and courts have] . . . no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Green might have sought relief under FED. R. APP. P. 4(a)(5) & (6), but the time for seeking such relief expired long before Green filed his Rule 60(b) motion. *See* RULE 4(a)(5)(A)(i) & (6)(B). The Rule 60(b) motion was not filed within a reasonable time and Green has not shown that extraordinary circumstances justify relief from the judgment or that the district court abused its discretion in denying his motion. *See Hess*, 281 F.3d at 216. The appeal is

DISMISSED AS FRIVOLOUS.